**EXHIBIT G**



**Denied**

The moving party is hereby ORDERED to provide a copy of this Order to any pro se parties who have entered an appearance in this action within 10 days from the date of this order.

David A. Bottger
District Court Judge
Date of Order attached

EFILED Document
CO Mesa County District Court 21st JD
Filing Date: Feb 22 2011 4:47PM MST
Filing ID: 36085138
Review Clerk: Joyce Bailey

| | |
|---|---|
| DISTRICT COURT, MESA COUNTY, COLORADO<br><br>Mesa County District Court<br>Mesa County Justice Center<br>P. O. Box 20000-5030<br>Grand Junction, CO 81502 | ▲COURT USE ONLY▲ |
| **Plaintiff(s): DOUGLAS MAHONEY**<br>v.<br><br>**Defendant(s): HALLILBURTON ENERGY SERVICES, ESIS, and ACE AMERICAN INSURANCE COMPANY.** | Case Number:<br>2011-CV-4139<br><br>Div.: 9 |
| Floyd M. Youngblood, Atty. No. 18052<br>4465 Kipling Street, Suite 102<br>Wheat Ridge, CO 80033-2810<br>Phone Number: 303 456-8472<br>Fax Number: 303 421-4309<br>floyd@youngbloodlaw.net | |
| **PLAINTIFF'S MOTION FOR RELIEF FROM FILING COST BOND PURSUANT TO C.R.S. §13-16-102** | |

The Plaintiff, by and through his attorney Floyd Youngblood moves to be removed from the provisions of C.R.S. §13-16-102 and as grounds therefore would show to the Court as follows:

1. Plaintiff is a California resident availing himself of the jurisdiction of the courts of the State of Colorado as a result of the actions of the Defendants arising out of an injury occurring within the State of Colorado for which the Plaintiff is eligible for benefits under the Colorado Worker's Compensation Act.

2. The Plaintiff alleges that the Defendants have been responsible for providing him benefits under the Colorado Worker's Compensation Act and have acted in bad faith in supplying those benefits.

3. While C.R.S. §13-16-102 indicates a requirement that nonresident Plaintiff be required to post security for costs as a condition to maintaining an action such as this, there is a difference between mandating a filing of a cost bond as opposed to Plaintiffs who are simply unable to do so.

4. An exact similar occurrence took place in <u>Walcott v. District Court, Second Judicial District,</u> 924 P.2d 163. In that case, Ms. Walcott, a nonresident indigent Plaintiff, attempted to prosecute her case against the Defendant, Total Petroleum, as a result of severe life threatening burns and injuries sustained to 80% of her body. In that case, the Plaintiff's medical bills totaled approximately $1,000,000.00. The Plaintiff was a resident of the State of Colorado at the time of the occurrence of the injury, but thereafter moved outside of the State of Colorado.

5. Total Petroleum indicated that it was necessary for the Plaintiffs to file a cost bond.

6. The <u>Walcott</u> Court decided that §13-16-103 expressly provides that if a Judge is satisfied that the Plaintiff is unable to pay the costs and expenses of a civil action, the Judge may grant a petition to prosecute or defend the action without the payment of costs. See <u>Cook v. District Court,</u> 670 P.2d 758-760 (Colo. 1983).

7. The <u>Walcott</u> Court and the Court in <u>Bell v. Simpson,</u> 918 P.2d 1123 (Colo. 1996) have both indicated that §13-16-101 and §13-16-102 when read in conjunction with §13-16-103 give the Court the discretion to waive the costs between both residents and non-residents if Plaintiffs can prove that they are "poor persons who are unable to pay costs and expenses."

8. C.R.S. §13-16-103 indicates that in determining whether a Plaintiff in an action may be permitted to proceed without the payment of costs, the Court shall take into account only those assets to which the Plaintiff has direct access.

9. Attached hereto is an Affidavit of Mr. Mahoney indicating his present assets.

10. This Plaintiff is presently indigent and has no capability of paying for a cost bond in this matter.

11. Should the Court believe that the Affidavit from Mr. Mahoney is insufficient to determine the Plaintiff's indigence, Plaintiff would request that the Court set the matter for Hearing, at which time the Plaintiff would request that he be permitted to testify by telephone.

12. Plaintiff advises the Court that should he receive his past due temporary total disability benefits, he will be using those funds to pay off the debts incurred by not having any income over the past fifteen months, which debts exceed the amount that he will receive for the past due benefits. That combined with the Eleven thousand dollars in available

funds will still be insufficient to cover the debts incurred since not working since February of 2009

13. Plaintiff will continue to receive on-going temporary total disability benefits until maximum medical improvement of approximately Three thousand dollars per month, which will just cover his monthly expenses.

|  | Respectfully submitted,<br><br>*S/ _____<br>Floyd M. Youngblood, Atty. No. 18052<br>4465 Kipling Street, Suite 102<br>Wheat Ridge, CO 80033-2810<br>Phone Number: 303 456-8472<br>Fax Number: 303 421-4309 |
|---|---|
|  |  |

---

* The "S/" is a symbol representing the signature of the person whose name follows the "S/" on the electronically or otherwise signed form of the E-Filed or E-Served document pursuant to C.R.C.P. 121 lr 1-26(1)(f). A printed or printable copy of an E-Filed or E-Served document with original or scanned signatures is maintained by the filing party and is available for inspection by other parties or the court upon request pursuant to C.R.C.P. 121 lr 1-26(7)

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing pleading entitled **"PLAINTIFF'S MOTION FOR RELIEF FROM FILING COST BOND PURSUANT TO C.R.S. §13-16-102"** will be served along with the Summons and Complaint regarding this matter under the CRCP.

<u>(original signature on file</u>

| This document constitutes a ruling of the court and should be treated as such. |
|---|
| **Current Date:** Feb 22, 2011 |
| **Court Authorizer Comments:**<br>Motion is denied without prejudice to Plaintiff's right to renew request upon filing of completed JDF 205 form, which Chief Justice Directive 98-01 requires for me to rule on this type of request. |